HOPKINTON *v.* WINSHIP *et als.*

Upon the presentation of a petition for a highway in two or more towns, the court will not, prior to the reference of the petition to the commissioners, enquire into the fact whether the object of the petitioners be not to obtain a road in one town alone, and thus the statute be evaded, requiring such petitions to be first presented to the selectmen.

Such fact is a question for the decision of the commissioners, and if made to appear by their report, it will be fatal to the proceedings.

---
Hopkinton *v.* Winship.
---

Upon a petition for a new highway, selectmen and road commissioners may lay out a road in part new and in part over and upon an existing highway.

The report of commissioners, laying out a highway over a road that had previously been discontinued, need not state any change of circumstances as having occurred after the discontinuance.

In deciding whether the public good requires that a highway be laid out, it is proper that individual advantages, going to make up the public, should be considered by the commissioners.

PETITION FOR A CERTIORARI.   The following facts were agreed upon by the parties :

The petition of Winship and others for a highway in the towns of Hopkinton and Henniker was filed August 21, 1855 ; and, upon due notice, Hopkinton appeared and objected to the reference of the petition to the road commissioners, alleging the following objections, viz : " That the said petition ought not to be referred to the road commissioners, the object of the petitioners being to get that portion of the highway laid out on the petition of Lewis Smith and others reëstablished, which had been discontinued in 1853, all of which lies within the limits of the town of Hopkinton ; there having been no previous application to the selectmen of Hopkinton to lay out the same, and thereby to evade the provisions of the first section of the fiftieth chapter of the Revised Statutes." But the court ordered the petition to be referred.

The road commissioners, after hearing the parties, made their report, laying out the highway, at the March term of the Common Pleas, 1856 ; at which term Hopkinton moved that the report be rejected, alleging the following objections :

1. Because the commissioners had no jurisdiction ; the entire road laid out by them lying wholly in one town, and no previous application having been made to the selectmen to lay out said highway.

2. Because the report does not show any change of circumstances to have taken place since the same road was discontinued by the road commissioners, in 1853, the commissioners having been requested at the hearing to show such change in their report, if any existed.

3. Because the commissioners admitted evidence, subject to exception, that persons living on one side of Contoocook river, and owning wood lots on the other side, would have their private interests promoted by the laying out of said highway.

On the petition of Lewis Smith and others a road was established at the March term, 1843, and built in 1845. That road was partly in Henniker and partly in Hopkinton. In 1853 a portion of that which was in Hopkinton, and which adjoined Henniker, was discontinued.

The present report follows the petition, and lays out a road partly in Henniker and then in Hopkinton, over the route that was discontinued in 1853.

On the hearing before the commissioners evidence was admitted, subject to exception, showing that persons living on one side of the Contoocook river, and owning wood lots on the other, would have their interests advanced by the laying of the road.

The Common Pleas overruled the exceptions that were taken to the report, and ordered judgment thereon.

*George & Foster,* for the town.

The commissioners have no jurisdiction over a petition praying for a road in one town, except there has been a neglect and refusal on the part of the selectmen to lay out. *Sumner's Petition,* 14 N. H. 268. Nor when the highway prayed for is part of a more extended highway in two or more towns. *Griffin's Petition,* 7 Foster 343.

In this case there had been no petition to the selectmen of Hopkinton. If, therefore, the highway actually laid out by the commissioners and required by the public existed wholly in Hopkinton, the commissioners had no jurisdiction, and the laying out was void.

We say it was the duty of the Court of Common Pleas to examine the facts, and determine the question of the jurisdiction of the commissioners, which it declined to do.

If the laying out by the commissioners of a new highway, wholly in one town, would be void, can they obtain jurisdiction by

laying out in connection with it a highway over an existing road in an adjoining town? We do not understand that the plain provisions of the law can be thus evaded.

In this case, it is true, that the petition stated that the highway formed part of a highway in two towns. But can it be said, if the petition had been in the ordinary form, while the facts remained the same, that, upon representation of the facts to the court, the laying out would not have been held equally defective?

If it would not have been so held, the legality of the laying out of highways would depend, not upon the facts of the case, but upon the mere form of the petition, and the highway laid out on the petition of Griffin would have been held legal, had the petitioners neglected to state a fact in their petition which they might equally well have omitted to mention. But the statute provides that judgment shall be rendered if no sufficient objection be made. Does this refer simply to objections arising upon the face of the report and the petition? If so, no fraud, however great, can ever be exposed and brought to the attention of the court.

The commissioners erred in admitting evidence with regard to the situation of wood lots of individuals. Highways can only be laid out when the public good requires, and the mere private benefits to result therefrom cannot be considered by the commissioners. *Dudley* v. *Cilley*, 5 N. H. 558.

*Bartlett, Tappan & Bailey*, for the original petitioners.

To a great extent the objections assume facts not existing, and are unsupported by the record. The record shows that the Court of Common Pleas had jurisdiction, and did substantial justice. *Petition of West Bath*, 36 Maine 76.

I. The petition, praying for a highway in two towns, gave the Court of Common Pleas jurisdiction, and the reference by them gave the commissioners jurisdiction. Rev. Stat., ch. 50, secs. 1, 4; *Stevens* v. *Goffstown*, 1 Foster 458.

The report pursues the commission. The real point of the first objection is, that the commissioners had not jurisdiction, because

there was no occasion for that portion of the highway laid out in Henniker, and therefore no occasion for a new highway in two towns. But this point seems not open to enquiry. 2 C. & H.'s notes, Phil. Ev. 209.

The Court of Common Pleas could not enquire if the board, established by law to determine this necessity, had determined rightly. They could only make the enquiry by reference to the commissioners — the legal tribunal to decide this question. The decision of the commissioners is conclusive. *Hampstead's Petition*, 19 N. H. 347.

Looking at the facts disclosed, the case stands no better for Hopkinton. The commissioners could lay the new highway partly upon the old. Rev. Stat., ch. 49, sec. 9; ch. 51, sec. 3; *Raymond* v. *Griffin*, 3 Foster 341; *State* v. *Boscawen*, 8 Foster 222. What led to this decision is immaterial, for they, being the tribunal established by law to determine this fact on general principles, their decision is conclusive. *United States* v. *Arredondo*, 6 Peters 691; *Church* v. *Mayor*, 6 Gill 391; 12 D. 593, 21. Their judgment as to the necessity of a new highway will not be revised on a certiorari. *Commonwealth* v. *Westborough*, 3 Mass. 406; *Bridge* v. *Dix*, 16 Vt. 446; *Paine* v. *Leicester*, 22 Vt. 48; *Kingman* v. *Commissioners*, 6 Cush. 306.

Were the question open, this court could not, on the facts stated, decide the new highway unnecessary.

There is not the slightest evidence to raise a question of fraud; and had there been, the decision of the Court of Common Pleas upon that question of fact is not to be reëxamined here.

II. No statute or rule of court requires the commissioners, on a petition to lay out a new highway, to state a change of circumstances. The 83d rule of court does not apply to this case, nor its reason. It was adopted to prevent delays. *Hopkinton* v. *Smith*, 15 N. H. 136.

III. To prove the public convenience of the highway, it was competent, as one step, to show among other things its convenience to various individuals who go to make up the public, and the occasions and necessities for its use. The commissioners

would judge if these existed to such extent as to make it of public. utility.   State v. Boscawen, 8 Foster 223.

The record shows no state of facts which required the Court of Common Pleas, as matter of law, to reject the report.

EASTMAN, J.   The original petition of Winship and others was filed August 21, 1855, and was for a new highway in the towns of Henniker and Hopkinton; and, being in due form, it showed upon its face an application falling within the jurisdiction of the Common Pleas.   Petitions relative to roads may be presented to the Court of Common Pleas when there shall be occasion to lay out or widen and straighten a highway over lands in two or more towns, one of which is in the county where the petition is presented.   Rev. Stat., chap. 50, sec. 1.

Upon the presentation of this petition, the town of Hopkinton objected to its reference to the road commissioners, upon the ground that, although the petition was in form for a highway in both towns, yet in fact it was for a road in Hopkinton alone, and was a portion of a highway that had been discontinued in 1853; and that there having been no previous application to the selectmen to lay out the same in Hopkinton, the court had no jurisdiction of the case.

This objection, going to the jurisdiction of the court, if well taken must prevail.   But how could the matter stated in the objection be made to appear at that stage of the proceedings, before the petition was referred?   The court could not dismiss the petition till the fact was established that it was for a highway in Hopkinton alone.   The petition itself was for a road from town to town, and of it the court had jurisdiction.   Parker, C. J., in Sumner's Petition, 14 N. H. 271.   There would seem to be no way to decide this question before the petition was referred to the commissioners, but for the court to go into a full examination of the merits of the whole case.   And it is quite clear that this could not be done, for it involved the decision of the fact whether the public good required that the road should be laid out as petitioned for; and that fact could be settled by the com-

missioners alone. *Woods*, J., in *Hampstead's Petition*, 19 N. H. 349.

Upon the reference to the commissioners the question would necessarily arise whether the road should be laid in both towns or only one ; and if the report showed that the highway was laid out in one town only, the Common Pleas would have no jurisdiction to accept it, because the report itself would negative the allegations of the petition, on which alone their jurisdiction depended. *Sumner's Petition*, 14 N. H. 268. The report would show that the petition should have been presented to the selectmen of the town, and that it was an evasion of the statute to go to the court in the first instance. In such a case the proceedings would necessarily fail.

The Common Pleas, then, decided correctly in declining to go into an examination of the question preliminary to the reference of the petition to the commissioners. It was well enough to except to the jurisdiction on the presentation of the petition; but that was not necessary in a case like the present, because the exception, if well founded, must necessarily appear upon the report of the commissioners ; and when an exception to the jurisdiction is shown by the record and proceedings, it may be taken at any time. *Griffin's Petition*, 7 Foster 343. But it is otherwise where the subject matter is within the jurisdiction of the court, and there is nothing in the proceedings showing a want of jurisdiction. *White & als.* v. *Landaff*, 35 N. H. 128.

Upon the coming in of the commissioners' report, the same exception was taken to the jurisdiction, and for the same reason. But the facts do not sustain the exception. The report shows a road laid out in both towns, according to the prayer of the petition, with the same termini as those stated in the petition. It was no valid objection that the route was in part over an existing highway, since a portion of new road was laid out in each town. Upon the petition for a new highway, selectmen and road commissioners may lay out a road in part new and in part over and upon an existing highway. *Raymond* v. *Griffin*, 3 Foster 340 ; *State* v. *Boscawen*, 8 Foster 195.

The piece laid out in Henniker was quite small; but no fraud is attempted to be shown, and so long as the commissioners report that the public good requires a connecting road, in the absence of fraud, the court will not look into the length of the road.

The fact, too, that there had once been a road in one of the towns where this was laid, could make no difference, since, at the time it was laid by these commissioners, no road existed on that route, and the laying was a new road.

A further exception was taken that the report did not show any change of circumstances, since a part of the road laid out had been discontinued in 1853. But this exception was rightly overruled. Upon a petition for the laying out of a highway, the statute requires no examination or report by the commissioners, as to any change of circumstances that may have taken place since the discontinuance of a highway upon that route. The question for them to examine and report upon is, whether the public good requires the road to be laid out; and it is only upon petitions to discontinue highways that the commissioners are required to report whether any change of circumstances has taken place. *Woods*, J., in *Hampstead's Petition*, 19 N. H. 347.

A still further exception was taken, that evidence was received on the hearing before the commissioners, subject to exception, that persons living on one side of Contoocook river, and owning wood lots on the other side, would have their private interests promoted by the laying out of the highway. It is undoubtedly true that highways can only be laid out upon public considerations. But public interests are made up of private, and the good of the public is but the good of various individuals that form and compose the public. It is perfectly proper that the individual interests of all should be considered by the commissioners, in coming to the conclusion whether, upon the whole, the public good requires the road to be made.

Upon a review of all the exceptions taken to the acceptance of the report, we think the Common Pleas decided correctly in overruling them and ordering judgment on the report; and that

the petition for the certiorari should consequently be denied. In arriving at this conclusion we have not turned our attention to the position taken in the argument, that the exceptions were most of them to matters falling within the discretion of the Common Pleas, and therefore not open to examination upon certiorari, because we are satisfied with the correctness of the ruling, even were they questions not open to reëxamination.

*Petition denied.*